STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COATNEY
2024 OK 75
Case Number: 7741
Decided: 10/21/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 75, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,

v.

MITCHELL KENNETH COATNEY, Respondent.

ORDER APPROVING RESIGNATION PENDING

DISCIPLINARY PROCEEDINGS

Synopsis Background: The Respondent, after a guilty plea, was convicted of violating 18 U.S.C. § 371. The charge involved conspiracy to commit honest services wire fraud related to misuse of insider information regarding Continental Resources, Inc., whereby Respondent and co-conspirators obtained mineral rights leases/purchases with the intention to re-sell or re-lease the same to Continental Resources, Inc. for profit. Respondent pled guilty and the court sentenced him to supervised release for a term of two (2) years. Respondent filed an affidavit of resignation and offered to surrender his license to practice law and to resign from the Oklahoma Bar Association (OBA) pursuant to Rule 8.1, RGDP. Complainant filed an application and agreed with Respondent's proposed resignation.

Holding: Supreme Court held that the resignation of Respondent tendered during the pendency of his disciplinary proceedings would be approved and Respondent's name to remain stricken from the Roll of Attorneys. Respondent ordered to pay the costs of these proceedings.

I. FACTS AND PROCEDURAL HISTORY

¶1 Mitchell Kenneth Coatney (Respondent), was admitted to the Oklahoma Bar Association (OBA) on April 21, 2006. His membership in the OBA was suspended in June 2022 for nonpayment of OBA membership dues for the year 2021 (SCBD 7059, 2022 OK 542022 OK 59

¶2 The Complainant, State of Oklahoma ex rel. Oklahoma Bar Association, initiated summary disciplinary proceedings pursuant to Rule 7, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A. In compliance with Rules 7.1 and 7.2, RGDP, the OBA forwarded to this Court certified copies of the Information, Judgment in a Criminal Case, and Amended Judgment in a Criminal Case in the criminal matter of United States of America v. Mitchell K. Coatney, CR-21-282-001-JD, in the United States District Court for the Western District of Oklahoma. Respondent entered a voluntary plea of guilty to one count of conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 371.

¶3 This Court issued a show cause order pursuant to Rule 7.3, RGDP. In response, Respondent prepared an affidavit of resignation in compliance with Rule 8.1, RGDP, in which he requests that he be allowed to relinquish his license to practice law and to resign from membership in the OBA. The OBA, in support of the same, filed its Application for Order Approving Resignation Pending Disciplinary Proceedings on September 26, 2024.

II. ANALYSIS

¶4 In Bar disciplinary proceedings, this Court possesses exclusive original jurisdiction. State ex rel. Okla. Bar Ass'n v. Holden, 1995 OK 25895 P.2d 707State ex rel. Okla. Bar Ass'n v. Kinsey, 2009 OK 31212 P.3d 1186

¶5 Respondent's affidavit of resignation pursuant to Rule 8.1, RGDP, reflects that: (a) it was freely and voluntarily rendered; (b) he was not subject to coercion or duress; and (c) he was fully aware of the legal consequences that will flow from submitting his resignation. Additional conclusions gleaned from Respondent's affidavit of resignation include that he is aware of the grievance received by the OBA and that there is a pending investigation by the Bar's General Counsel into said grievance. If proven, this grievance would constitute violations of Rules 8.4(b) and 8.4(c) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A, Rule 1.3, RGDP, and Respondent's oath as an attorney.

¶6 We conclude that Respondent's Resignation Pending Disciplinary proceedings was executed in conformity with the requirements of Rule 8.1, RGDP. The grievance alleges that on or about March 2011 through on or about March 2020, Respondent conspired with Justin Biggs, Blaine Dyer, James Dyer, and others to obtain mineral rights leases/purchases based on insider information provided by Biggs with the intention to re-sell or re-lease to Continental Resources, Inc. for profit. It is further alleged that Respondent had knowledge of the formation of multiple shell companies to purchase the leases to avoid detection of the scheme by Continental.

¶7 Pursuant to Respondent's affidavit of resignation, Respondent is aware that the burden of proof set forth therein rests upon the OBA; however, Respondent waives any and all right to contest the allegations. Respondent is aware that, pursuant to Rule 8.2, RGDP, either the approval or disapproval of this resignation is within the sound discretion of this Court. Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty (20) days following the date of his resignation.

¶8 Respondent recognizes, understands, and agrees that he may not apply for reinstatement of his legal license (and of his membership in the OBA) before the expiration of five (5) years from the effective date of this Order in accordance with Rule 11, RGDP. All applicants for reinstatement, irrespective of if they initially lost their license via suspension or voluntarily surrendered their license pending disciplinary procedures, are required to present stronger proof of qualifications than one who seeks initial admission to practice law. See Rule 11.4, RGDP.

¶9 Respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made or to be made because of his actions, with applicable statutory interest, prior to the filing of any application for reinstatement.

¶10 Respondent agrees to comply with Rule 9.1, RGDP, and acknowledges that his license to practice law may be reinstated only upon compliance with the conditions and procedures prescribed by Rule 11, RGDP.

III. ASSESSMENT OF COSTS

¶11 The OBA filed an application to assess costs on September 26, 2024 pursuant to Rules 6.13 and 6.16, RGDP. Respondent did not file an objection to this application. Pursuant to Rule 6.16, RGDP, when discipline results, the OBA is entitled to be reimbursed for the expenses incurred in its investigation, the record, and the proceedings in the case. Complainant seeks reimbursement for costs associated with the court record and mailing costs, both of which are permissible. See Rule 6.16, RGDP. This Court orders Respondent to pay the costs in the amount of $90.64 within ninety (90) days.

IV. CONCLUSION

¶12 IT IS ORDERED that the resignation of Respondent, Mitchell Kenneth Coatney, tendered during the pendency of disciplinary proceedings is approved. Respondent's name has previously been stricken from the Roll of Attorneys and shall continue to be so.

¶13 IT IS FURTHER ORDERED that Respondent may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five (5) years from the date of this order. Repayment to the Client Security Fund for any money disbursed (or to be disbursed) because of Respondent's conduct shall be a condition of Respondent's reinstatement. Respondent shall comply with Rule 9.1, RGDP.

¶14 IT IS FURTHER ORDERED that Respondent shall pay the costs of these proceedings in the amount of $90.64 within ninety (90) days of the date of this Order. Any consideration of any future Rule 11 petitions is conditioned upon such payment.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE the 21st day of October, 2024.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

FOOTNOTES

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

<!--END DOCUMENT-->